

STEVE NGUYEN, ET AL        §

       §

V                            §        **CASE NO. 1:13-cv-668 (RC)**

       §

FDIC, as receiver for First National    §

Bank                          §

## ORDER GOVERNING PROCEEDINGS

This Order shall govern proceedings in this case.  The following deadlines are hereby set:

1.     Rule 26(f) attorney conference on or before: **December 10, 2013**.

2.     Complete initial mandatory disclosure required by this Order:  **28 days after deadline for Rule 26(f) conference.**

3.     File joint report of attorney conference: **35 days after deadline for Rule 26(f) conference.** This should follow initial mandatory disclosures, so a realistic proposal regarding depositions and other discovery can be included.

4.     The case is **SET for a Rule 16 management conference** on **February 6, 2014, at 11:00 a.m.**, in Courtroom #2, Jack Brooks Federal Building, 300 Willow Street, Beaumont, Texas.  Lead counsel for each party, with authority to bind their respective clients, and all unrepresented parties, shall be present.  Continuance of the management conference will not be allowed absent a showing of good cause[1].

---

[1]   Before the case management conference, counsel and unrepresented parties should review the most recent versions of the Federal Rules of Civil Procedure and the Local Rules for the Eastern District of Texas. The Local Rules are available on the Eastern District of Texas website (http://www.txed.uscourts.gov).

## RULE 26(F) ATTORNEY CONFERENCE

Rule 26(f) requires attorneys of record and all unrepresented parties to confer and attempt in good faith to agree on a proposed scheduling order (*see* Appendix 1) and to electronically file a joint report outlining their proposals. The conference may be by telephone.

Before commencing the Rule 26(f) conference, counsel must discuss settlement options with their clients, including whether an offer or demand should be made at the Rule 26(f) attorney conference.  Counsel should also inquire whether their clients are amenable to trial before a United States magistrate judge.  Parties willing to consent should file the appropriate form electronically (*see* page 10 of Appendix "B" to the Local Rules for the Eastern District of Texas or hyperlink on the docket sheet) as soon as possible, so that the case can be reset for management conference before the magistrate judge to whom the case is assigned.

The parties must include the following matters in the joint conference report:

1.      A brief factual and legal synopsis of the case.

2.      The jurisdictional basis for this suit.

3.      Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.

4.      Proposed scheduling order deadlines. Appendix 1 has the standard deadlines. Explain any deviations from standard schedule.  **Now is the time to inform the court of any special complexities or need for more time before the trial setting.** The standard schedule is planned so that there is time to rule on dispositive motions before parties begin final trial preparation.

5.      If the parties agree that mediation is appropriate, and the parties can agree upon a mediator, the name, address, and phone number of that mediator, and a proposed deadline should be stated. An early date is encouraged to reduce expenses. The court may appoint a mediator upon request.

6.      The identity of persons expected to be deposed.

7.      Any issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.

8.      Any issues relating to preserving discoverable information, including electronically stored information.

9.      Whether any other orders should be entered by the court pursuant to Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b), (c).

10.     Estimated trial time.

11.     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).

12.     Any other matters counsel deem appropriate for inclusion in the joint conference report.

## CONTESTED MOTION PRACTICE

Counsel and parties shall comply with Local Rules CV-7, 10, 11, and 56, in addition to the Federal Rules of Civil Procedure. Local Rule CV-7 requires you to attach affidavits and other supporting documents to the motion or response.  Labeled tabs on the attachments to the courtesy copy will make it easier to find them.

If the motion with attachments exceeds 20 pages, the court requests that you bind (spiral or otherwise) the courtesy copy at the left to make it easier to read.

Pursuant to Local Rule CV-7(b), highlight in the courtesy copy, the portions of the affidavits or other supporting documents which are cited in your motion or response.

## SAFEGUARDING PERSONAL INFORMATION

The Judicial Conference of the United States has implemented policies to protect sensitive private information about parties, witnesses, and others involved in a civil, criminal, or bankruptcy case. To that end, all documents filed with the court and made available to the public, whether electronically or on paper, should limit certain information as follows:

- •        for Social Security numbers, use only the last four digits;
- •        for financial account numbers, use only the last four digits;
- •        for names of minor children, use only their initials;
- •        for dates of birth, use only the year; and
- •        (in criminal cases) for home addresses, use only the city and state.

If such information is elicited during testimony or other court proceedings, it will become available to the public when the official transcript is filed at the courthouse unless, and until, it is

redacted. The better practice is for you to avoid introducing this information into the record in the first place. Please take this into account when questioning witnesses or making other statements in court.

## **DISCOVERY**

Initial mandatory disclosure pursuant to Rule 26(a)(1) shall be completed not later than 28 days after the deadline for the Rule 26 attorney conference and shall include the following in addition to information required by Rule 26(a)(1):

1.      The correct names of the parties to the action.

2.      The name and, if known, address and telephone number of any potential parties to the action.

3.      The name and, if known, the address and telephone number of persons having knowledge of facts relevant to the claim or defense of any party, a brief characterization of their  connection to the case and a fair summary of the substance of the information known by such person. This may be combined with list of persons required under Rule 26(a)(1)(A)(i) so two lists are not needed.

4.      The authorizations described in Local Rule CV-34.

5.      A copy of all documents, electronically stored information, witness statements, and tangible things in the possession, custody, or control of the disclosing party that are relevant to the claim or defense of any party. This may be combined with disclosures under Rule 26(a)(1)(A)(ii) so duplication is avoided. In cases involving a disproportionate burden of disclosure of a large number of documents on one party, the parties may agree on prior inspection to reduce the need for copy. Parties are encouraged to agree upon provision of information by electronic means.

*See* Local Rule CV-26(d) for meaning of "relevant to the claim or defense of any party." **A party that fails to timely disclose such information will not, unless such failure is harmless, be permitted to use such evidence at trial,  hearing or in support of a motion.**  A party is not excused from making its disclosures because it has not fully completed its investigation of the case.

Discovery shall not commence until the deadline set for the attorneys to confer under Rule 26(f). *See* Fed. R. Civ. P. 26(d).   Depositions may be taken, and initial mandatory

disclosure **shall** occur, before the Rule 16 management conference, so that counsel are in a position to intelligently discuss additional required discovery, and scheduling of the case. Following the management conference, the court will enter a scheduling order setting deadlines controlling disposition of the case. If the court concludes that a management conference is not necessary after receiving the parties' 26(f) report, it may enter a scheduling order and cancel the management conference.

The fact that the scheduling order will have  a deadline for completion of discovery is **<u>NOT</u>** an invitation, or authorization, to withhold documents or information required to be disclosed as part of initial mandatory disclosure, under the guise of "supplementation." Attorneys are expected to review their client's files and to conduct at least preliminary interviews of their clients and  potential witnesses under their control, so as to fully comply with the initial mandatory disclosure requirements by the deadline set in this order. This will allow experts to be timely identified and prepared to testify, witnesses to be efficiently deposed, and any follow-up paper discovery to be completed by the deadline to be set for completion of discovery. The court expects that, in most cases, after reading the pleadings and having  a frank discussion of the issues and discovery during the Rule 26 attorney conference, a review of the opposing party's initial disclosures should alert an attorney to any remaining information which should have been disclosed, so that such information  can be provided before the Rule 16 management conference. A party asserting that any information is confidential should immediately apply to the court for entry of a protective order. Unless a request is made for modification, the court will use the form found on the Eastern District website.

## <u>DISCOVERY DISPUTES</u>

A magistrate judge is available during business hours to immediately hear discovery disputes and to enforce provisions of  the rules.  The hotline is an appropriate means to obtain an immediate ruling on whether a discovery request is relevant to the claims or defenses and on disputes which arise during depositions. The hotline number is (903) 590-1198. *See* Local Rule CV-26(e).

## <u>FAILURE TO SERVE</u>

Any defendant who has not been served with the summons and complaint within 120 days after the filing of the complaint shall be dismissed, **<u>without further notice</u>**, unless prior to such time the party on whose behalf such service is required shows good cause why service has not been made. *See* Fed. R. Civ. P. 4(m).

## FICTITIOUS PARTIES

The name of every party shall be set out in the complaint. *See* Fed. R. Civ. P. 10(a).  The use of fictitious names is disfavored by federal courts.  *Doe v. Blue Cross & Blue Shield*, 112 F.3d. 869 (7th Cir.  1997).  It is hereby **ORDERED** that this action be **DISMISSED** as to all fictitious parties.  Dismissal is without prejudice to the right of any party to take advantage of the provisions of Fed. R. Civ. P. 15(c).

## SETTLEMENT

Plaintiff's counsel shall immediately notify the court upon settlement.

## COMPLIANCE

Attorneys and *pro se* litigants who appear in this court must comply with the deadlines set forth in the Federal Rules of Civil Procedure, the Local Rules for the Eastern District of Texas and this order.  **A party is not excused from the requirements of a Rule or scheduling order by virtue of the fact that dispositive motions are pending, the party has not completed its investigation, the party challenges the sufficiency of the opposing party's disclosure, or because another party has failed to comply with this order or the rules**.

Failure to comply with relevant provisions of the Local Rules, the Federal Rules of Civil Procedure, or this order may result in the exclusion of evidence at trial, the imposition of sanctions by the court, or both. Counsel are reminded of  Local Rule AT-3, particularly AT-3(I) & (J).

So **ORDERED** and **SIGNED** this **20** day of **November, 2013.**

_____
Ron Clark, United States District Judge

-6-

# **APPENDIX 1**

## **PROPOSED SCHEDULING ORDER DEADLINES**

The following actions shall be completed by the date indicated.[2] The dates indicated are the standard for most cases. Counsel should be prepared to explain the need for requested changes.

_____          Deadline for motions to transfer
(1 week after mgmt conf.)

_____          Deadline to add parties
(6 weeks after mgmt conf.)

_____          If parties plan to mediate, state date parties propose. This should be as early as possible, to avoid expense.

_____          Plaintiff's disclosure of expert testimony pursuant to Fed.
(10 weeks after mgmt conf.)       R. Civ. P. 26(a)(2) and Local Rule CV-26(b).

_____          Deadline for Plaintiffs to file amended pleadings. A motion
(12 weeks after mgmt conf.)       for leave to amend is not necessary.

_____          Defendant's disclosure of expert testimony pursuant to Fed.
(16 weeks after mgmt conf.)       R. Civ. P. 26(a)(2) and Local Rule CV-26(b).

7 weeks after disclosure of an    Deadline to object to any other party's expert witnesses.
of an expert is made              Objections shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. The court will not accept objections to experts filed in any form—i.e., motions in limine—after this date.[3]

                                  Expert reports should include the categories of information set out in Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi) and 26(a)(2)(C)(i)-(ii). Challenges to expert reports include those set out in Fed. R. Evid. 702(a)-(d) and 703.

[2]If a deadline falls on a Saturday, Sunday, or a legal holiday as defined in Fed. R. Civ. P. 6, the effective date is the first federal court business day following the deadline imposed.

[3] **Error! Main Document Only.**This requirement has two goals: (1) to encourage early disclosure of experts so that if one is struck, the party will have time to find another; and (2) to avoid the gamesmanship that has become common as parties attempt to disqualify experts with a motion in limine thus distracting opponents during final trial preparations and perhaps even blocking testimony required to establish a claim or defense.

_____  Deadline for Defendant's final amended pleadings. A
(14 weeks after mgmt conf.)  motion for leave to amend is not necessary.

_____  Deadline for motions to dismiss, motions for summary
(18 weeks after mgmt conf.)  judgment, or other dispositive motions.

_____  All discovery shall be commenced in time to be completed
(28 weeks after mgmt conf.)  by this date.

_____  Notice of intent to offer certified records
(5 weeks before docket call)

_____  Counsel and unrepresented parties are each responsible for
(5 weeks before docket call)  contacting opposing counsel and  unrepresented parties to
determine how they will prepare the Joint Final Pretrial
Order, *see* Local Rule CV-16(b), and Joint Proposed Jury
Instructions and Verdict Form (or Proposed Findings of
Fact and Conclusions of Law in non-jury cases).

_____  Video Deposition Designations due. Each party who
(4 weeks before docket call)   proposes to offer a deposition by video shall serve on all
other parties a disclosure identifying the line and page
numbers to be offered. All other parties will have seven
calendar days to serve a response with any objections and
requesting cross examination line and page numbers to be
included. Counsel must consult on any objections, and only
those which cannot be resolved shall be presented to the
court. The party who filed the initial Video Deposition
Designation is responsible for preparation of the final
edited video in accordance with all parties' designations,
and the court's rulings on objections.

_____  Motions in limine due.
(3 weeks before docket call)  File Joint Final Pretrial Order. *See* Local Rules Appendix D
(Obtain form for Exhibit List from District Clerk's Office).

-8-

| | |
|---|---|
| _____<br>(2 weeks before docket call) | Response to motions in limine due.[4]<br>File objections to witnesses, deposition extracts, and exhibits listed in pretrial order.[5] (This does not extend the deadline to object to expert witnesses. )(Provide the exhibit objected to in the motion or response).  If numerous objections are filed the court may set a hearing prior to docket call.<br>File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| Date will be set by court.<br>Usually within 10 days prior to docket call. | If numerous  objections are filed the court may set a hearing to consider all pending motions and objections. |
| November 6, 2014 | Docket call and Final Pretrial at 9:00 a.m.  in Beaumont, Texas.  Date parties should be prepared to try case.  Provide court with two copies of Exhibit list, using form from District Clerks Office.  Absent agreement of the parties, this should not have exhibits which were not listed in the Final Pre-trial Order, but may have some deletions depending on rulings on objections. |
| November 10, 2014 | 9:00 a.m..  Jury selection and trial in Beaumont, Texas.  Case will then be tried in order with other cases on the docket. Depending on disposition of other cases on court's docket, jury selection may be the following week.  About a month before docket call, counsel may wish to consult with counsel for the other cases on the September docket to determine whether their cases are likely to settle. |

_____

[4] This is not an invitation or requirement to file written responses.  Most motions in limine can be decided without a written response.  But, if there is particularly difficult or novel issue, the court needs some time to review the matter. To save time and space respond only to items objected to. All others will be considered to be agreed. Opposing counsel **shall confer** in an attempt to resolve any dispute over the motions in limine within five calendar days of the filing of any response. The parties shall notify the court of all the issues which are resolved.

[5] Within five calendar days after the filing of any objections, opposing counsel **shall confer** to determine whether objections can be resolved without a court ruling. The parties shall notify the court of all issues which are resolved. The court needs a copy of the exhibit or the pertinent deposition pages to rule on the objection.